971 F.2d 765
 297 U.S.App.D.C. 302
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
COALITION TO END THE PERMANENT CONGRESS, et al., Appellants,
v.
Marvin T. RUNYON, et al.,
Donnald K. Anderson, et al.
 No. 92-5239.
 United States Court of Appeals, District of Columbia Circuit.
 July 30, 1992.
 
 Appeal from the United States District Court for the District of Columbia, No. 92CV1172; Joyce Wens Green D.J.
 D.D.C., 1992 W4522242
 REVERSED.
 Before: WALD, SILBERMAN and RANDOLPH, Circuit Judges
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came to be heard on the record on appeal from the United States District Court for the District of Columbia, and was briefed and argued by counsel. On consideration thereof, it is
 
 
 2
 ORDERED and ADJUDGED, by this Court, that 39 U.S.C. § 3210(d)(1)(B) is unconstitutional under the First and Fifth Amendments, and therefore the judgment of the District Court is hereby reversed. The provision at issue, 39 U.S.C. § 3210(d)(1)(B), part of the congressional franking statute, allows incumbents to send free mass mailings to persons in areas added to their districts by redistricting. Appellants, including several challengers running for seats in the upcoming elections, contest the law as an unconstitutional subsidy that aids incumbents at taxpayer expense in winning re-election. Appellees, officials of the House of Representatives, contend that the law encourages incumbents to provide information to these redistricted voters, whose current representative may have less incentive to serve them because of redistricting. In a June 26, 1992, memorandum opinion and order granting appellees' motion for summary judgment, the District Court held that the justification for the law had a rational basis which survived constitutional scrutiny. On July 16 this Court granted appellants' motion for an expedited appeal.
 
 
 3
 A summary form of Judge Silberman and Judge Randolph's opinions concurring in the judgment are attached hereto, as well as a summary of Judge Wald's dissent. Expanded opinions will issue at a later date.
 
 
 4
 The Clerk is directed to issue the mandate forthwith.
 
 ATTACHMENT
 SILBERMAN, Circuit Judge:
 
 5
 Unlike the general franking statute upheld in Common Cause v. Bolger, 574 F.Supp. 672, aff'd mem., 461 U.S. 911 (1983), the specific provision here, relating to redistricting, operates only in contemplation of congressional elections. To be sure, the statute may have a rational non-election basis of encouraging congressmen seeking re-election in a newly constructed district to provide information to redistricted voters. That purpose, however, serves only to emphasize the connection of the statute to election campaigns and requires us to consider the provision as a law focused on elections. Any such statute, which provides financial support to an incumbent against a major-party challenger, Buckley v. Valeo, 424 U.S. 1, 98 (1976), must receive some degree of heightened scrutiny under the First and Fifth Amendments to determine whether the burden placed on the rights of candidates and their supporters, Burdick v. Takushi, 112 S.Ct. 2059, 2063-64 (1992), is justifiable. Anderson v. Celebrezze, 460 U.S. 780, 789 (1983); Buckley, supra, at 93-98. Otherwise Congress could grant incumbents extra travel allowances or increased salary during election years, as long as it justified such action as enhancing service to constituents.
 
 
 6
 Appellees have not met heightened scrutiny. Whatever Congress' motive in passing the disputed provision, there is no showing of a substantial government interest in financing this sort of communication with voters. The voters presumably will continue to receive mass mailings from their present representatives. Although I do not give legal significance to the recent House vote to repeal the disputed provision, it is worth noting that the only explanation advanced by the House for that repeal was that § 3210(d)(1)(B) is a "taxpayer financed, indirect way to campaign at taxpayer expense." 138 CONG.REC. H5146 (June 24, 1992). That statement underscores the lack of any substantial government interest in that section of the statute.
 
 RANDOLPH, Circuit Judge:
 
 7
 Whether the standard of review is heightened scrutiny or rational basis, 39 U.S.C. § 3210(d)(1)(B) violates the equal protection component of the Due Process Clause by unlawfully discriminating between incumbent and non-incumbent candidates. The statute's purpose is said to be apprising citizens of the workings of Congress. But identifying a legitimate purpose is not enough even under the rational basis test. Nordlinger v. Hahn, 60 U.S.L.W. 4563, 4566 (U.S. June 18, 1992). Allowing otherwise-prohibited mass mailings to a class of citizens that comes into existence once a decade, in selected locations across the country, and from only those Members of Congress electable by the recipients in the next election, is not rationally related to the goal of informing citizens. Counsel for the House protests that redistricted representatives have a strong incentive to communicate with "new" voters, and so the statute rationally advances the legitimate goal. But the incentive itself stems from the interest of a Member as a candidate, not as a representative. It is no different from a provision giving every incumbent $100,000 to hold campaign rallies in the new area, which would also inform citizens. In both cases government funding of the communication promotes the incumbent's reelection, without enhancing his capacity to serve his constituents, and is therefore impermissible under Common Cause v. Bolger, 574 F.Supp. 672 (D.D.C.1982) (three-judge panel), aff'd mem., 461 U.S. 911 (1983). Since § 3210(d)(1)(B) fails even a rational basis test, it also fails the "something more than ... rational basis" ( Buckley v. Valeo, 424 U.S. 1, 293 (1976) (Rehnquist, J., concurring in part and dissenting in part)) test Judge Silberman applies.
 
 WALD Circuit Judge, dissenting:
 
 8
 Despite the current intention of Congress to repeal franking privileges for selected and time-limited mass mailings to a Member's reapportioned district during the period preceding new elections, see 138 Cong.Rec. H5146 (June 24, 1992), I do not believe that § 3210(d)(1)(B) is unconstitutional. Unwise, perhaps, uneconomical, perhaps, but not unconstitutional.*
 
 
 9
 Let us be clear what we are talking about; not a campaign subsidy but an authorization to send mailings "to assist and expedite the conduct of official business, activities, and duties of the Congress of the United States," 39 U.S.C. § 3210(a)(1), the number, timing and nature of which are regulated by appropriate Congressional committees to screen out obvious campaign material. As the district court found, the main justification for the franking extension is to insure that the "orphan" residents of newly reapportioned districts, whose old Congressperson will no longer be representing them after the next election, will receive the same motivated level of legislative communications and dialogue as residents in areas which have not been redistricted. The record amassed in the district court demonstrates that is indeed what the extended frank is generally used for. (Declaration of David Fox, J.A. at 249; Suzanne Eisold, J.A. at 246, recounting mailings involving information on veterans' rights and questions on health care preferences). The Supreme Court has held that the inevitably mixed political/informational purposes of all representative/constituent communications survives constitutional muster. Indeed, politics and accountable representation are inextricably intertwined in the Constitution itself. Common Cause v. Bolger, 574 F.Supp. 672 (D.D.C.1982) aff'd mem., 461 U.S. 911 (1983).
 
 
 10
 There is no ground here for invoking strict scrutiny, no fundamental right to vote or associate with any party or candidate has been impugned, no suspect category employed. Nordlinger, supra; Cf. Anderson v. Celebrezze, 460 U.S. 780 (1983); Burdick v. Takushi, 112 S.Ct. 2059 (1992). Indeed, residents in the redistricted areas have been given an informational bonus, not a burden. Buckley v. Valeo, 424 U.S. 1, 90-8 (1976), says nothing to the contrary.
 
 
 11
 We should not act so precipitously to invalidate an Act of Congress regulating the use of the frank by its own Members which was designed to further a legitimate governmental interest of serving redistricted voters.
 
 
 
 *
 Just this year, the Supreme Court warned: "[e]ven improvident decisions will eventually be rectified by the democratic process and ... judicial intervention is generally unwarranted no matter how unwisely we think the political branch has acted." Nordlinger v. Hahn, 60 U.S.L.W.. 4563, 4568 (1992) (quoting Vance v. Bradley, 440 U.S. 93, 97 (1979)